Filed 7/10/23  P. v. Mendoza CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DAVID MENDOZA.<br><br>    Defendant and Appellant. | B322113<br><br>(Los Angeles County<br>Super. Ct. No. TA140865) |

APPEAL from an order of the Superior Court of Los Angeles County, Eleanor J. Hunter, Judge.  Reversed with directions.

Marta I. Stanton, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Wyatt E. Bloomfield, Supervising Deputy Attorney General, and Christopher G. Sanchez, Deputy Attorney General, for Plaintiff and Respondent.

## INTRODUCTION

David Mendoza, convicted of attempted murder after pleading no contest, appeals from the superior court's order denying his petition for resentencing under Penal Code section 1172.6 (former section 1170.95).[1]  The superior court denied the petition without an evidentiary hearing, ruling Mendoza failed to make a prima facie showing he was eligible for relief because (1) the information alleged Mendoza acted with malice and (2) Mendoza admitted the allegation he personally used a firearm.  Mendoza argues the superior court erred because he pleaded to a generic charge of attempted murder and because his admission he personally used a firearm did not preclude the possibility he could have been convicted under an imputed malice theory.  We reverse.

## FACTUAL AND PROCEDURAL BACKGROUND

A.    *Mendoza Is Convicted of Attempted Murder*

In June 2016 Joshua Adcox was shot twice at or near a gas station.  Deputies from the Los Angeles County Sheriff's Department responded to a call reporting the shooting.  The deputies spoke to a witness who stated she was seated at a bus stop near Adcox when a car approached.  She said the people in the car called Adcox to the car and began yelling at him.  The witness said that she started to walk away to avoid the altercation and that she heard four gunshots and saw Adcox running across the street.

---

[1]    Statutory references are to the Penal Code.

2

The deputies obtained video surveillance footage from an adjacent gas station and a fast-food restaurant. The footage showed the driver of the car buying something from the drive-through window of the restaurant and then driving to the parking lot of the gas station. Adcox approached the car and, after briefly speaking to the people in the car, ran across the street and collapsed.

One of the deputies spoke to an employee of the fast-food restaurant. The employee stated she served food to two people in the car. According to the employee, the driver had two markings near his right eye and a tattoo of a clown face on the back of his head.

The People charged Mendoza with attempted murder and possession of a firearm by a felon. The People alleged that Mendoza acted with malice in attempting to kill Adcox and that Mendoza committed the attempted murder "willfully, deliberately and with premeditation." The People also alleged Mendoza personally used a firearm, personally and intentionally discharged a firearm, and personally and intentionally discharged a firearm causing great bodily injury, within the meaning of section 12022.53, subdivisions (b) through (d).

In 2017 Mendoza pleaded no contest to the attempted murder charge. Mendoza admitted that he personally used a firearm within the meaning of section 12022.5, subdivision (a), and that he had a prior serious or violent felony conviction within the meaning of the three strikes law (§§ 667, subds. (b)-(j), 1170.12, subds. (a)-(d)). The superior court dismissed the remaining charge and allegations, including the allegation Mendoza committed the attempted murder willfully, deliberately,

and with premeditation.  The court sentenced Mendoza to an aggregate prison term of 28 years.

B.     *Mendoza Files a Petition for Resentencing*

In 2022 Mendoza filed a petition for resentencing under section 1172.6.  Mendoza alleged the People filed an information that allowed the prosecution to proceed on a theory of attempted murder under the natural and probable consequences doctrine, that he accepted a plea offer in lieu of a trial at which he could have been convicted of attempted murder, and that he could not now be convicted of attempted murder because of amendments to sections 188 and 189 effective January 1, 2019.

After appointing counsel for Mendoza and receiving briefs from the parties, the superior court denied the petition.  The court ruled that, by pleading no contest to attempted murder, Mendoza was not eligible for relief under section 1172.6 as a matter of law.  The court stated:  "In attempted murder, it's the specific intent to kill.  You have to have malice.  So the court could look at that as a readily accessible type of fact," which the court found "showed malice and, as such, doesn't fall under . . . natural and probable consequence."  The court also relied on the allegation in the information that Mendoza had acted with malice.  In addition, the court ruled Mendoza was ineligible for relief because he admitted he personally used a gun in committing attempted murder.  Mendoza timely appealed.

4

# DISCUSSION

A.    *Section 1172.6*

Effective 2019, the Legislature substantially modified the law governing accomplice liability for murder, eliminating the natural and probable consequences doctrine as a basis for finding a defendant guilty of murder (*People v. Reyes* (2023) ___ Cal.5th ___, ___ (June 29, 2023, S270723) [2023 WL 4242765, p. 1]; *People v. Gentile* (2020) 10 Cal.5th 830, 842-843) and significantly narrowing the felony-murder exception to the malice requirement for murder (§§ 188, subd. (a)(3), 189, subd. (e); see *People v. Strong* (2022) 13 Cal.5th 698, 707-708; *People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*)).  Section 188, subdivision (a)(3), now prohibits imputing malice based solely on an individual's participation in a crime and requires proof of malice to convict a principal of murder, except under the revised felony-murder rule. (*Gentile*, at pp. 842-843.)

Section 1172.6, subdivision (a), authorizes an individual convicted of felony murder or murder, attempted murder, or manslaughter based on the natural and probable consequences doctrine, "or other theory under which malice is imputed to a person based solely on that person's participation in a crime," to petition the superior court to vacate the conviction and be resentenced on any remaining counts if he or she could not now be convicted of murder or attempted murder because of the changes the Legislature made to the definitions of the crime of murder.  (See *People v. Strong, supra*, 13 Cal.5th at p. 708; *Lewis, supra*, 11 Cal.5th at p. 957; *People v. Gentile, supra*, 10 Cal.5th at p. 843; *People v. Vargas* (2022) 84 Cal.App.5th 943, 950-951.)  If a petition under section 1172.6 contains all the required

5

information, the court must appoint counsel to represent the petitioner if requested.  (*Lewis*, at pp. 962-963; see § 1172.6, subd. (b)(1)(A), (3).)  The prosecutor must then file a response to the petition, the petitioner may file a reply, and the court must hold a hearing to determine whether the petitioner has made a prima facie showing he or she is entitled to relief.  (§ 1172.6, subd. (c).)

In deciding whether a petitioner has made a prima facie showing for relief under section 1172.6, "'"the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved.  If so, the court must issue an order to show cause."'"  (*Lewis*, *supra*, 11 Cal.5th at p. 971; see *People v. Maldonado* (2023) 87 Cal.App.5th 1257, 1261.)  The court may consider the record of conviction, which will "necessarily inform the trial court's prima facie inquiry under section [1172.6], allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Lewis*, at p. 971; see *People v. Williams* (2022) 86 Cal.App.5th 1244, 1251.)  "In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.'" (*Lewis*, at p. 972; see *Maldonado*, at p. 1261.)  But "[i]f the record of conviction '"contain[s] facts refuting the allegations made in the petition,"' . . . then the trial court is justified in rejecting them." (*People v. Lopez* (2022) 78 Cal.App.5th 1, 13; see *Lewis*, at p. 971.)

Where the petitioner makes the requisite prima facie showing he or she is entitled to relief under section 1172.6, the court must issue an order to show cause and hold an evidentiary

hearing to determine whether to vacate the murder, attempted murder, or manslaughter conviction and resentence the petitioner on any remaining counts. (§ 1172.6, subd. (d)(1).) We review de novo an order denying a petition under section 1172.6 without issuing an order to show cause. (*People v. Williams*, *supra*, 86 Cal.App.5th at p. 1251; *People v. Coley* (2022) 77 Cal.App.5th 539, 545; *People v. Harrison* (2021) 73 Cal.App.5th 429, 437.)

B.    *Mendoza Made a Prima Facie Showing for Relief*

Mendoza made a prima facie showing for relief under section 1172.6. Mendoza alleged in his petition that the prosecution filed an information allowing it to proceed under a theory of murder based on the natural and probable consequences doctrine, that he accepted a plea offer in lieu of a trial at which he could have been convicted of attempted murder, and that he could not presently be convicted of attempted murder because of the changes to sections 188 and 189. (See § 1172.6, subd. (a)(1)-(3).) Because the court must accept those allegations as true, "the only basis to refuse to issue an order to show cause is if the record of conviction conclusively demonstrates [the petitioner] was not entitled to relief as a matter of law." (*People v. Williams*, *supra*, 86 Cal.App.5th at p. 1251.)

It did not. The People filed an information charging Mendoza with attempted murder and alleging Mendoza "unlawfully and with malice aforethought attempt[ed] to murder" Adcox. The information allowed the prosecution to proceed on a theory of attempted murder under the natural and probable consequences doctrine. (See § 1172.6, subd. (a)(1); *People v. Davenport* (2021) 71 Cal.App.5th 476, 484 ["'The allegation that a

7

murder was committed "'willfully, unlawfully, and with malice aforethought'" is a well-recognized way of charging murder in [a] generic sense,'" which "does 'not limit the People to prosecuting [defendant] on any particular theories.'"]; *People v. Rivera* (2021) 62 Cal.App.5th 217, 233 [same], review granted June 9, 2021, S268405, review dismissed January 19, 2022; see also *People v. Didyavong* (2023) 90 Cal.App.5th 85, 96, fn. 4 ["A murder charged generically does not limit the prosecution to any particular theories of liability."], review granted June 28, 2023, S280047.) Mendoza pleaded no contest to the generic crime of attempted murder, rather than admitting a specific theory of murder. (See § 1172.6, subd. (a)(2); *People v. Flores* (2022) 76 Cal.App.5th 974, 987 [petitioner was not ineligible for relief where, "[i]n entering his plea, petitioner did not admit to or stipulate to any particular theory of murder"]; *People v. Eynon* (2021) 68 Cal.App.5th 967, 977 [petitioner who pleaded to a charge that he "did willfully, unlawfully, and with deliberation, premeditation, and malice aforethought murder" the victim was not ineligible for resentencing as a matter of law because the charge was a "generic murder charge [that] allowed the prosecution to proceed on any theory of liability, including natural and probable consequences"].) Mendoza, like the petitioner in *Eynon*, "did not admit facts supporting liability on any particular theory, and the generic pleading encompassed theories—such as natural and probable consequences . . .—that did not require the defendant to have acted with malice." (*Eynon*, at p. 977.)

The People did allege the attempted murder was willful, deliberate, and premeditated. Mendoza, however, did not admit that allegation. (See *People v. Rivera*, *supra*, 62 Cal.App.5th at p. 234 [while "[i]n some cases, the record may reveal that a

8

defendant admitted *more* than the elements of the offense charged, and such additional admissions may preclude relief," the defendant was not ineligible for relief where he "made no admissions related to the murder other than pleading no contest to the count as charged"]; see also *People v. Eynon*, *supra*, 68 Cal.App.5th at p. 979 [defendant who pleaded guilty to murder was not ineligible for relief where "he did not admit that he was the actual killer, acted with intent to kill, or was a major participant in the robbery and acted with reckless indifference to human life"].) Moreover, the trial court dismissed the allegation Mendoza committed the attempted murder willfully, deliberately, and with premeditation.[2] Thus, the record of conviction did not demonstrate as a matter of law Mendoza was convicted of attempted murder on a theory that is still valid after the amendments to sections 188 and 189.

As discussed, in ruling Mendoza was ineligible for relief, the superior court stated that, "in attempted murder, it's the specific intent to kill" and that "you have to have malice." The superior court's ruling was inconsistent with section 1172.6, subdivision (a), which states a person convicted of "attempted murder under the natural and probable consequences doctrine"

---

[2] As the Supreme Court has explained, "attempted premeditated murder and attempted unpremeditated murder are not separate offenses." (*People v. Favor* (2012) 54 Cal.4th 868, 876.) "'[T]he provision in section 664, subdivision (a), imposing a greater punishment for an attempt to commit a murder that is "willful, deliberate, and premeditated" does not create a greater degree of attempted murder but, rather, constitutes a penalty provision that prescribes an increase in punishment (a greater base term) for the offense of attempted murder.'" (*Favor*, at p. 877.)

9

may petition for relief.  (See *People v. Basler* (2022) 80 Cal.App.5th 46, 60 [the amendments to section 1172.6 clarified "that 'persons who were convicted of attempted murder or manslaughter under a theory of felony murder and the natural [and] probable consequences doctrine are permitted the same relief as those persons convicted of murder under the same theories'"].)

It is true that, "[t]o prove the crime of attempted murder, the prosecution must establish 'the specific intent to kill and the commission of a direct but ineffectual act toward accomplishing the intended killing.'"  (*People v. Canizales* (2019) 7 Cal.5th 591, 602; see *People v. Lee* (2003) 31 Cal.4th 613, 623.)  Prior to the Legislature's amendments to sections 188 and 189, however, a defendant could be convicted of attempted murder under the natural and probable consequences doctrine where "attempted murder [was] a reasonably foreseeable consequence of the crime aided and abetted and the attempted murder itself was committed" by a coparticipant with the requisite intent.  (*People v. Favor* (2012) 54 Cal.4th 868, 880; see *People v. Montes* (2021) 71 Cal.App.5th 1001, 1007 ["When appellant was found guilty of attempted murder under a natural and probable consequences theory of liability, the 'intent to kill' was imputed onto appellant from the actual killer or perpetrator."].)  That is because the natural and probable consequences doctrine, when it was still a valid theory of murder under California law, "[b]y its very nature" was "not premised upon the intention of the aider and abettor to commit the nontarget offense . . . .  Because the nontarget offense [was] unintended, the mens rea of the aider and abettor with respect to that offense [was] irrelevant and culpability [was] imposed simply because a reasonable person

10

could have foreseen the commission of the nontarget crime." (*People v. Chiu* (2014) 59 Cal.4th 155, 164; accord, *People v. Canizalez* (2011) 197 Cal.App.4th 832, 852; see *People v. Laster* (1997) 52 Cal.App.4th 1450, 1465 ["proof of the aider and abettor's intent to commit the actual offense is excused if the actual offense was a natural and probable consequence of *his acts* of aiding and abetting"].)  Therefore, to the extent the superior court ruled Mendoza necessarily admitted he acted with the specific intent to kill when he pleaded no contest to the generic charge of attempted murder, the court erred.

The superior court also erred in ruling Mendoza was not eligible for relief under section 1172.6 because he admitted the allegation he personally used a firearm.  As the Supreme Court explained in *People v. Jones* (2003) 30 Cal.4th 1084, a finding the defendant "personally used a firearm in the commission" of a felony and murder "would not in itself prove defendant was the actual killer" because if, for example, two coparticipants in a felony "display guns" for intimidation, and one "shoots and kills a victim, both [participants] could be found to have personally used a gun in . . . the felony murder, even though only one is the actual killer." (*Id.* at pp. 1119-1120; see *People v. Granado* (1996) 49 Cal.App.4th 317, 325 ["if the defendant is found on substantial evidence to have displayed a firearm in order to facilitate the commission of an underlying crime, a use of the gun has occurred both as a matter of plain English and of carrying out the intent" of the sentencing enhancements].)  Thus, Mendoza could have used (or even discharged) a weapon during the commission of a nontarget offense and been guilty of attempted murder under the natural and probable consequences doctrine, even if he was not the person who intentionally shot Adcox.  (See *People v.*

*Davenport, supra*, 71 Cal.App.5th at p. 485 [defendant who admitted the allegation he personally used a firearm within the meaning of section 12022.5 was not ineligible for relief under section 1172.6 because the admission "did not preclude the possibility of prosecution under a felony-murder theory"]; *People v. Offley* (2020) 48 Cal.App.5th 588, 598 [defendant's sentence enhancement under section 12022.53, subdivision (d), for personally and intentionally discharging a firearm and proximately causing great bodily injury or death did not preclude him from relief under section 1172.6 because the enhancement "does not require the prosecution to prove that the defendant harbored a particular mental state as to the victim's injury or death"]; see also *In re Ferrell* (2023) 14 Cal.5th 593, 604 [because "[s]ection 12022.53, subdivision (d), requires only an intent to discharge a firearm, not subjective awareness of a risk or disregard for life . . . , a finding under this section is no proxy for the mental component of implied malice murder"].)

The People argue the transcript of the preliminary hearing shows Mendoza "was the actual and only perpetrator of the attempted murder." There is a split of authority on whether, after *Lewis, supra*, 11 Cal.5th 952, the superior court may consider the preliminary hearing transcript to determine whether the petitioner has stated a prima facie case for relief under section 1172.6, at least where the defendant admitted the transcript provided a factual basis for the plea. (See *People v. Flores, supra*, 76 Cal.App.5th at p. 989 [courts "are split on the import of the preliminary hearing transcript in determining whether a petitioner has made a prima facie case for resentencing" under section 1172.6]; compare *id.* at p. 991 [a court may not rely on the preliminary hearing transcript to find

the defendant is not eligible for relief under section 1172.6 at the prima facie stage, even where the defendant stipulates the transcript provides a factual basis for a plea], *People v. Eynon*, *supra*, 68 Cal.App.5th at pp. 975-976 [for purposes of section 1172.6, that the magistrate held the defendant to answer at the preliminary hearing "does not constitute a factual finding that the allegation is true" or "even constitute a determination that the allegation is supported by substantial evidence"], and *People v. Rivera*, *supra*, 62 Cal.App.5th at pp. 226, 238 [a court may not rely on a grand jury transcript to find the defendant is not eligible for relief under section 1172.6 at the prima facie stage, even where the defendant stipulated the grand jury transcript provided a factual basis for a plea] with *People v. Davenport*, *supra*, 71 Cal.App.5th at p. 481 [a court may rely on a preliminary hearing transcript as part of the record of conviction where the defendant admits the transcript provides the factual basis for the plea].) The Supreme Court granted review in *People v. Patton* (2023) 89 Cal.App.5th 649, review granted June 28, 2023, S279670, to decide whether a superior court engages in impermissible judicial factfinding by relying on the preliminary hearing transcript to deny a defendant's petition under section 1172.6 at the prima facie stage.

We need not take a side on this issue here; Mendoza did not stipulate the preliminary hearing provided a factual basis for his plea.[3] Therefore, even under *Davenport*, *supra*,

---

[3] Even if we considered the preliminary hearing transcript, a cursory review reveals that, contrary to the People's assertion, the evidence was not undisputed Mendoza was the sole perpetrator of the attempted murder. An incident report from

71 Cal.App.5th 476, the superior court could not consider the transcript of the preliminary hearing.

## DISPOSITION

The order denying Mendoza's petition for resentencing is reversed.  The superior court is directed to vacate its order denying the petition, issue an order to show cause, and conduct further proceedings in accordance with section 1172.6, subdivision (d).

SEGAL, J.

We concur:

PERLUSS, P. J.

FEUER, J.

the Los Angeles County Sheriff's Department indicated two witnesses—the woman sitting at the bus stop near Adcox and the fast-food restaurant employee who served food to the driver of the car involved in the shooting—stated they saw multiple "occupants" in the car.  The fast-food restaurant employee testified during the preliminary hearing there were two people in the car.

14